UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ZZEUNDRE JACOBS (#447048)

CIVIL ACTION

VERSUS

NO. 10-271-FJP-CN

SECRETARY JAMES M. LEBLANC, ET AL

### RULING ON MOTION

This matter is before the Court on plaintiff's motion for appointment of counsel.

Pro se plaintiff, Zzeundre Jacobs, is an inmate at the Louisiana State Penitentiary at Angola, Louisiana, and filed this action pursuant to 42 U.S.C. § 1983 against the Secretary of the Department of Corrections, the Warden and several other officers at the prison. Plaintiff's main complaint is that his constitutional rights have been violated due to the negligence of the defendants in not complying with the state regulations regarding smoking at the prison. Plaintiff states that he has been threatened and harassed for complaining about the non-enforcement of the smoking rules, and has suffered cruel and unusual punishment.

A civil rights complainant has no right to automatic appointment of counsel. A trial court is not required to appoint counsel for an indigent plaintiff in a civil rights case unless the case presents exceptional circumstances. Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982).

As explained in Ulmer, supra,:

> [9]   A federal court has discretion to appoint counsel if doing so would advance the proper administration of justice. 28 U.S.C. § 1915(d) (1976). Although "[n]o comprehensive definition of exceptional circumstances is practical," a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case,...; (2) whether the indigent is capable of adequately presenting his case,...; (3)

>whether the indigent is in a position to investigate adequately the case,...; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross examination,...(cites omitted).

In the present case, the Court finds that such exceptional circumstances are not apparent at this time. These claims are not legally complex and no other factor in Ulmer, supra, is found to require appointment of counsel. The issue regarding plaintiff's claim of cruel and unusual punishment is not complex. The issue is whether plaintiff has been subjected to cruel and unusual punishment by being subjected to second hand smoke when defendants fail to abide by the law.

Plaintiff is well able to present his case and has done so already in his complaint, his motion for temporary restraining order and this motion to appoint counsel. Plaintiff is aided in his investigation of this matter by the fact that he will have the Administrative Remedy Procedure documents. He can use these documents in order to ascertain what additional discovery needs to be done. This dispute is factual and is not complicated. Further, it does not appear that any great skill will be needed to cross examine the witnesses on the issues in this case. Pro se plaintiffs are given great flexibility in the examination of a witness.

Plaintiff also asserts that he has a limited knowledge of the law. This is true of nearly every prisoner who prosecutes a pro se lawsuit. For this reason, pro se pleadings are held to less stringent standards than formal pleadings drafted by a lawyer. Haines v. Kerner, 404 U.S. 519 (1972). This Court is liberal in reviewing inmate pro se pleadings and motions filed under section 1983, giving inmates ample opportunity to amend if necessary, and granting generous extensions of time to comply with Court orders. Consequently, the Court's liberal construction

of prisoner section 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case as well as plaintiff's apparent ability to litigate this action pro se, convinces the Court that the appointment of counsel is not necessary at this time.  In the event that it subsequently appears that plaintiff is unable to effectively prosecute his claim pro se, the Court will reconsider plaintiff's motion, and if warranted, appoint counsel to represent him at that time.

Appointment of counsel would be of little service to the court or the plaintiff and would not significantly assist in the shaping of the examination of the witnesses or sharpening the issues for trial.

Having considered the factors set forth in Ulmer v. Chancellor, 691 F.2d 209, 211 (5th Cir. 1982), the Court finds that appointment of counsel is not required or warranted in this case.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for appointment of counsel (Dkt. #4) is **DENIED.**

Signed in chambers in Baton Rouge, Louisiana, April 23, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**