# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ZZEUNDRE JACOBS (#447048)                              CIVIL ACTION

VERSUS

SECRETARY JAMES M. LeBLANC, ET AL.                    NO. 10-0271-FJP-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, February 11, 2011.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ZZEUNDRE JACOBS (#447048)                              CIVIL ACTION

VERSUS

SECRETARY JAMES M. LeBLANC, ET AL.                    NO. 10-0271-FJP-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motions to Dismiss, rec.doc.nos. 19 and 53, and the plaintiff's Motion for Summary Judgment, rec.doc.no. 64.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, Warden N. Burl Cain, Ass't. Warden Kevin Benjamin, Ass't. Warden Jimmy Smith, Sgt. Valentine, Sgt. Lollis and Sgt. Ware, contending that the defendants have violated his constitutional rights by failing to enforce the no-smoking policy at LSP, resulting in his exposure to environmental tobacco smoke ("ETS").[1] He further complains that prison officials have subjected him to threats and verbal abuse in response to his attempts to obtain compliance with the referenced policy.

Addressing first the defendants' Motions to Dismiss, a Complaint is

---

[1]     Attempts by the United States Marshal's Office to serve defendants Sgt. Lollis and Sgt. Ware have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on behalf of these defendants, specifically because the Department is "unable to identify these individuals." Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Sgt. Lollis and Sgt. Ware be dismissed, without prejudice.

subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails "to state a claim upon which relief can be granted." In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in <u>Ashcroft v. Iqbal</u>, ____ U.S. ____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>, <u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). <u>See also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>. <u>See also</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>, but "something beyond ... mere possibility ... must be alleged." <u>Id.</u> The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," <u>Id.</u> (abandoning the "no set of facts" language set forth in <u>Conley v. Gibson</u>, <u>supra</u>). A claim is facially plausible when a plaintiff "pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, <u>supra</u>. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u>

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." <u>Erickson v. Pardus</u>, <u>supra</u>. <u>See also</u> <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>. Further, "[a] document filed <u>pro se</u> is to be liberally construed ... and a <u>pro se</u> Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, <u>supra</u> (citations omitted).

In his Complaint, the plaintiff alleges that he is housed in a non-smoking dormitory at LSP. He asserts that, notwithstanding, inmates freely and routinely smoke in the television viewing area, in the back of the dormitory and in the bathroom areas, that cigarette butts litter the floor and are placed in cans which also litter the floor, that the entire dormitory smells heavily of smoke, that security officers fail to make routine rounds in the dormitory or enforce the no-smoking policy, and that certain officers smoke inside the dormitory and in the open doorways thereof. As a result, the plaintiff allegedly suffers continuing complaints of high blood pressure, nausea and insomnia because of his exposure to ETS. He further alleges that on October 8, 2008, defendant Shirley Valentine stood in the doorway of the plaintiff's dormitory and smoked. In addition, as a result of the plaintiff's complaints concerning the non-enforcement of the no-smoking policy, he has been threatened with disciplinary action and/or with fabricated

charges of wrongdoing.

In response to the plaintiff's allegations, the defendants first seek dismissal of the plaintiff's claims asserted against them in their official capacities. In this regard, the Eleventh Amendment to the United States Constitution prohibits the bringing of a lawsuit in federal court seeking monetary damages against a state, its agencies, or persons acting as official representatives thereof. In <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity suits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Accordingly, the defendants' motion is well-taken in this regard, and the plaintiff's claim for monetary damages asserted against the defendants in their official capacities should be dismissed. That being stated, a state official in his or her official capacity, when sued for <u>injunctive</u> and/or <u>declaratory</u> relief, is not a prohibited defendant because official capacity actions for equitable relief are not treated as actions against the state. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). <u>See also</u> 15 Am.Jur.2d Civil Rights § 101. In the instant case, therefore, to the extent that the plaintiff has named the defendants in their official capacities and has prayed for injunctive and declaratory relief, these claims are not subject to dismissal by virtue of the Eleventh Amendment. In addition, the plaintiff has also named the defendants in their individual capacities, and a suit against a state official in his individual capacity, seeking monetary damages and seeking to impose individual

liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state. Hafer v. Melo, supra.  Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is sufficient to establish personal liability in a § 1983 lawsuit.

The defendants next contend that they are entitled to qualified immunity in connection with the plaintiff's claims.[2]  Specifically, the defendants contend that the plaintiff has failed to sufficiently allege the defendants' participation in any violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful

_____

[2]     The defendants' motion does not apparently seek qualified immunity relative to defendant Kevin Benjamin.

in the situation which he confronted.  Id.[3]

Applying the foregoing standard, the Court finds that the defendants' motions should be granted in part and denied in part as hereafter discussed.

Initially, the Court finds that the plaintiff has failed to allege sufficient connexity between the actions of defendant James LeBlanc and the alleged constitutional violations complained of.  Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).  In the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  Lozano v. Smith, supra.  Any allegation that defendant LeBlanc is responsible for the actions of his subordinates or co-employees is insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

---

[3]     The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory.  Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, as amended, the Court concludes that defendant LeBlanc is entitled to dismissal from this proceeding. Specifically, the plaintiff alleges only that defendant LeBlanc "is the Secretary of the Department of Corrections of the State of Louisiana .... [and] is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Louisiana State Penitentiary - Angola." It appears clear that this is a statement of mere supervisory responsibility on the part of this defendant. Further, the plaintiff has failed to allege the existence of any affirmative wrongful policy for which defendant LeBlanc is or may be found responsible. To the contrary, the plaintiff concedes that there is in fact a strict non-smoking policy applicable at LSP, compelled by the Louisiana Smoke Free Air Act[4] and set forth in Department Directive No. C-03-008 and Department Regulation No. A-02-020, which prohibits smoking "inside areas of every public building and place of employment operated by the Department". The courts have recognized in this context that in evaluating an inmate's claim of exposure to ETS, the existence of a policy which limits such exposure is an important factor in determining the potential liability of a supervisory prison official. <u>Helling v. McKinney</u>, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). In the instant case, as Secretary of the Louisiana Department of Corrections, defendant LeBlanc has no direct and personal involvement in the day-to-day operations at LSP. While the plaintiff arguably seeks to include defendant LeBlanc in this controversy by stating in his Complaint that, "it seems the authorities here [at LSP], <u>along with the Department of</u>

---

[4]    La. R.S. 40:1300.251, <u>et seq.</u>

<u>Corrections</u>, don't care about [the Louisiana Smoke Free Air Act]" (emphasis added), this assertion is purely conclusory and is insufficient to support a finding that defendant LeBlanc bears any responsibility to the plaintiff in connection with the claims asserted herein.

Turning to the plaintiff's claim asserted against defendants Cain and Smith, the Court concludes, in contrast, that the plaintiff has stated a cause of action relative to these defendants and that his allegations overcome the defendants' assertion of qualified immunity. Specifically, the plaintiff alleges that he has filed several complaints regarding the smoking policy at LSP, including at least one administrative grievance, and that "[t]he administration here has gotten a lot of feedback" from organizations which the plaintiff has contacted concerning this issue. This is the type of allegation which has been found sufficient to create a genuine issue of fact regarding the personal involvement of supervisory officials in a claim involving ETS. <u>See</u> <u>Murrell v. Chandler</u>, 277 Fed.Appx. 341 (5th Cir. 2008) (reversing grant of summary judgment in favor of supervisory defendants). In further support of this contention, the plaintiff has attached several documents to his Complaint, one of which is authored by defendant Smith, wherein defendant Smith acknowledges the plaintiff's complaints regarding ETS and assures the plaintiff that continuing efforts will be made "to ensure that all officers and offenders are in compliance with the rules and regulations concerning the Smoking Policy at all times."[5] The plaintiff also attaches to his Complaint the affidavits of several co-inmates who

---

[5]     In the context of a motion to dismiss, the Court may examine the Complaint and any attachments and/or subsequent filings by a pro se plaintiff as amendments thereof. <u>See</u> <u>Clark v. Huntleigh Corp.</u>, 119 Fed.Appx. 666 (5th Cir. 2005); <u>Howard v. King</u>, 707 F.2d 215 (5th Cir. 1983).

attest that smoking in the dormitories is extremely prevalent, that the no-smoking policy is not enforced, and that "superior high ranking officials are aware of the smoking ... and turn a blind eye." Finally, the plaintiff asserts that he has been called to the "Warden's Office" on at least two occasions in response to his complaints, that on the first such occasion, defendant Benjamin indicated that there was little he, Benjamin, could do about the problem but that he would meet with defendant Smith and "work on" it, and on the second such occasion, which occurred on November 18, 2009, the meeting was attended by both defendants Benjamin and Smith. According to the plaintiff, defendant Smith did little at that time to address the issue other than to advise the plaintiff that, "you know there's going to be violations in prison" and to suggest that the only way to curb smoking violations would be to "add 64 officers to the dorm."

The United States Supreme Court directs the courts to apply a two-prong analysis in determining whether exposure to second-hand smoke violates a prisoner's Eighth Amendment rights. First a prisoner must prove objectively that he is "being exposed to <u>unreasonably high levels</u> of ETS." <u>Helling v. McKinney</u>, <u>supra</u> (emphasis supplied). In assessing this first factor, the Court must conduct an inquiry into the seriousness of the potential harm and into the likelihood that second-hand smoke will actually cause such harm. <u>Id.</u> The Court must determine "whether society considers the risk ... to be so grave that it violates contemporary standards of decency to expose <u>anyone</u> unwillingly to such a risk." <u>Id.</u> (emphasis in original). Second, the prisoner must establish that prison officials have subjectively demonstrated "deliberate indifference" to his situation. <u>Id.</u> In this context, deliberate indifference requires that

a prison official actually knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811. The official must both be aware of facts from which an inference may be drawn that a substantial risk of serious harm exists, and he must actually draw the inference. Id. Although the adoption of a smoking policy bears on the inquiry into deliberate indifference, so also does the question of enforcement thereof. See Helling v. McKinney, supra.

The Fifth Circuit has recognized the potential viability of ETS claims where exposure to tobacco smoke has been severe and sustained, such as where an inmate plaintiff has been forced to share close living quarters with smokers or has been required to work in a smoke-filled environment. Murrell v. Chandler, supra; Murrell v. Casterline, 307 Fed.Appx. 778 (5th Cir. 2008); Whitley v. Hunt, 158 F.3d 882 (5th Cir. 1998) (inmate assigned to a housing unit with smokers notwithstanding his request for a non-smoking unit); Rochon v. City of Angola, 122 F.3d 319 (5th Cir. 1997), cert. denied, 523 U.S. 1075, 118 S.Ct. 1518, 140 L.Ed.2d 671 (1998) (inmate required to live and work in "environments filled with tobacco smoke"). More recently, district courts within this Circuit have routinely denied summary judgment to prison officials in connection with claims similar to that asserted by the plaintiff herein. See Perkins v. Terrell, 2010 WL 5488234 (W.D. La., Dec. 6, 2010); Brooks v. Menifee, 2010 WL 774079 (W.D. La., March 4, 2010); Adams v. Banks, 663 F.Supp.2d 485 (S.D. Miss., 2009); White v. King, 2008 WL 5272092 (S.D. Miss., Dec. 16, 2008); Ware v. Morehouse Parish Detention Center, 2008 WL 5381898 (W.D. La., Nov. 25, 2008); Wansley v. King, 2008 WL 4066711 (S.D. Miss.,

Aug. 27, 2008); <u>Ware v. Batson</u>, 2008 WL 2773604 (W.D. La., July 17, 2008). In addition, several courts have in fact found liability in cases addressing this issue. <u>See</u> <u>Hicks v. Corrections Corp. of America</u>, 2009 WL 2969768 (W.D. La., Sept. 11, 2009) (granting summary judgment in favor of inmate plaintiff); <u>Sivori v. Epps</u>, 2009 WL 799463 (S.D. Miss., March 24, 2009) (judgment entered in favor of plaintiff after bench trial). Accordingly, on the record before the Court, defendants Cain and Smith have not established their entitlement to qualified immunity in connection with this issue.

Similarly, with regard to defendant Shirley Valentine, although the issue is a closer one, the Court finds that the plaintiff has stated a claim against this defendant. The plaintiff alleges in his Complaint that defendant Valentine was a security officer assigned to the plaintiff's dormitory, that security officers in the dormitory routinely fail to make rounds or otherwise enforce the no-smoking policy, that the officers themselves smoke in the dormitory, and that defendant Valentine herself smoked in the doorway of the dormitory throughout the day on October 10, 2008. While the defendants are correct that a single episodic claim relative to smoking on a single date is likely not a claim of constitutional dimension, the remaining allegations, although inartfully drawn, are sufficient at this stage of the proceedings to overcome the defendants' motion to dismiss. Specifically, the plaintiff's allegations may be interpreted as alleging that defendant Valentine, as one of the security officers assigned to the plaintiff's dormitory, failed to enforce the prison's no-smoking policy and thereby contributed to the plaintiff's exposure to ETS. Although the plaintiff's Complaint refers to this failure as "negligence" on the part of defendant

Valentine, the Court will liberally interpret the plaintiff's allegation as including a claim of deliberate indifference, particularly in light of the plaintiff's repeated invocation of the Eighth Amendment to the United States Constitution. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Accordingly, the defendants' motion relative to this defendant should also be denied.

In addition to the foregoing, the plaintiff also alleges that, as a result of his continuing complaints regarding exposure to ETS, he has been retaliated against by the defendants. Specifically, he alleges that defendant Benjamin made a veiled threat to the plaintiff on November 8, 2009, stating that he had considered "put[ting] a knife" under the plaintiff's bed, i.e., threatening to set the plaintiff up with a false disciplinary charge and thereby have the plaintiff transferred out of the dormitory. The plaintiff further suggests that he has been subjected to other non-specific threats and harassment by security officers as a result of his complaints. The plaintiff does not allege, however, that he has in fact been charged with any retaliatory disciplinary reports or that he has suffered any loss or injury as a result of the threatening behavior. In this regard, the law is clear that mere threats and harassment, without more, do not amount to a constitutional violation cognizable in this Court. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The allegations against the defendants regarding threats, verbal abuse and harassment, therefore, are insufficient to state a claim of constitutional dimension, and the defendants' motions

should be granted with respect thereto.

Finally, the defendants point out in their motions that the plaintiff includes as a prayer for relief in his Complaint a request that the defendants be terminated from employment at LSP and that criminal charges be levied against them. It is well-settled, however, that a federal district court lacks jurisdiction to review actions in the nature of a claim of mandamus, seeking to compel state officers or employees to perform duties allegedly owed the plaintiff, as for example, compelling state officials to terminate the employment of state employees or directing the state district attorney to institute criminal charges against them. Rothstein v. Montana State Supreme Court, 637 F.Supp. 177 (D.Mont. 1986); 28 U.S.C. § 1361. Accordingly, this aspect of the plaintiff's Complaint should also be dismissed.

Turning to the plaintiff's motion for summary Judgment, the Court concludes that this motion should be denied as well. Summary judgment is appropriate only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. It is only if the moving party carries its burden of proof under Rule 56 that the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra.

For the reasons stated in denying the defendants' motions to dismiss, the Court recommends denial of the plaintiff's motion for summary judgment. Specifically, there are question of fact regarding whether the plaintiff, objectively, has been exposed to "unreasonably high levels of ETS", Helling v. McKinney, supra, and whether the individual defendants have been, subjectively, deliberately indifferent to a substantial risk of serious harm faced by the plaintiff, and have disregarded that risk by failing to take reasonable steps to abate it. Id. On the record before the Court, there are factual issues which preclude the grant of summary judgment in favor of the plaintiff.[6]

The plaintiff also seeks to invoke the supplemental jurisdiction of this court over certain state law claims. District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, based upon the record herein, the Court concludes that it is appropriate for the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

RECOMMENDATION

It is recommended that the plaintiff's claims asserted against

_____

[6] Although the plaintiff repeatedly asserts that the defendants have violated the provisions of the Louisiana Clean Air Act and certain prison regulations relative to smoking, the Court notes that the mere violation of a state statute or regulation does not amount to a constitutional violation. See Woodard v. Andrus, 419 F.3d 348 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights.").

defendants Lollis and Ware be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.  **It is further recommended** that the Court decline to exercise supplemental jurisdiction, that the plaintiff's Motion for Summary Judgment, rec.doc.no. 64, be denied, and that the defendants' Motions to Dismiss, rec.doc.nos. 19 and 53, be granted in part, dismissing the plaintiff's claims asserted against defendant James LeBlanc and dismissing all of the plaintiff's claims asserted against the remaining defendants except his claim for monetary damages asserted against the defendants in their individual capacities and his claim for declaratory and injunctive relief asserted against the defendants in their individual and official capacities arising out of the defendants'

alleged deliberate indifference to the plaintiff's exposure to environmental tobacco smoke. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, February 11, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**