UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ZZEUNDRE JACOBS(#447048)

VERSUS                                                  CIVIL ACTION

JAMES M. LEBLANC, ET AL                                 NUMBER 10-271-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 14, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ZZEUNDRE JACOBS(#447048)

VERSUS                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL                             NUMBER 10-271-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Petition for Writ of Mandamus Requesting Declaratory and Injunctive Relief. Record document number 142.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Asst. Warden Kevin Benjamin, Asst. Warden Jimmy Smith and Sgt. Shirley Valentine. Plaintiff alleged that the defendants failed to enforce a no-smoking policy resulting in his exposure to environmental tobacco smoke ("ETS") in violation of his constitutional rights.[1] Plaintiff sought compensatory damages and declaratory and injunctive relief.

Plaintiff is now before the court seeking a writ of mandamus compelling prison officials to transfer him to a prison facility

---

[1] The court previously dismissed the plaintiff's claims against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Sgt. Lollis and Sgt. Ware and all of his claims against the remaining defendants except his ETS claim. Record document number 85.

which enforces state law and regulations prohibiting smoking in the prison.[2]

The United States District Court lacks jurisdiction over actions in the nature of mandamus to compel state officers or employees to perform duties allegedly owed the plaintiff. 28 U.S.C. § 1361.

Even if the plaintiff's motion were construed as a motion for preliminary injunction, it should be denied.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

Although the plaintiff's ETS claim survived the defendants' motion for summary judgment because he showed that there are

---

[2] Plaintiff previously filed a Motion for Temporary Restraining Order and/or Preliminary Injunction, record document number 3, which was denied. Record document number 9.

genuinely disputed issues of material fact,[3] it does not appear that there is a substantial likelihood of success on the merits of his ETS claim.  Furthermore, any harm which may come to the plaintiff if he is not immediately transferred to another prison is likely to not be irreparable and can be compensated for monetarily should the plaintiff prevail on his claims.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Petition for Writ of Mandamus Requesting Declaratory and Injunctive Relief be denied.

Baton Rouge, Louisiana, February 14, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] See record document numbers 103, Magistrate Judge's Report and Recommendation, and 105, Opinion.