UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ZZEUNDRE JACOBS (#447048)

VERSUS

JAMES M. LEBLANC, ET AL.

CIVIL ACTION

NUMBER 3:10-cv-00271-JWD-SCR

RULING AND ORDER
ON MOTION IN LIMINE

This matter is before the Court on the Motion in Limine (R.Doc. 187) filed by Defendants, Warden Burl Cain, Assistant Warden Kevin Benjamin, Colonel Jimmy Smith, and Shirley Valentine (collectively, "Defendants"). In the motion, Defendants object to certain exhibits listed in Plaintiff's Proposed Pretrial Order (R.Doc. 120-1) and included in Plaintiff's "Benchbook". Plaintiff opposes the motion. (R.Doc. 193). Oral argument is not necessary

Having carefully reviewed the objections, the responses, and the documents at issue, the Court finds that the Motion in Limine (R.Doc. 187) is granted in part and denied in part.

I.     **Factual Background**

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, Warden N. Burl Cain, Assistant Warden Kevin Benjamin, Assistant Warden Jimmy Smith, Sgt. Valentine, Sgt. Lollis, and Sgt. Ware, contending that the defendants have violated his constitutional rights by failing to enforce the no-smoking policy at LSP, resulting in the plaintiff's exposure to environmental tobacco smoke. The Plaintiff further complains that prison officials have subjected him to threats and verbal abuse in response to his attempts to obtain compliance with the referenced

policy. Pursuant to earlier Report and Recommendation, approved by the District Judge on March 17, 2011 (see R.Docs. 83 and 85), the Court has dismissed the plaintiff's claims against defendants LeBlanc, Lollis, and Ware, and dismissed the plaintiff's claims against the remaining defendants except his claim, arising under federal law, for monetary damages asserted against the defendants in their individual capacities and for declaratory and injunctive relieve asserted against the defendants in their individual and official capacities arising out of the Defendants' alleged deliberate indifference to the plaintiff's exposure to environmental tobacco smoke.

## II. Discussion

Defendants have objected to Exhibits 3, 4, 8, 9, 13, 15, 16, 17, 18, 20, 23, 24, 28, 29, 30, 36, and 37. The Court will address each of these in turn.

**Exhibit 3 - (C) -** Plaintiff describes Exhibits 3 as a "Letter of complaint Plaintiff mailed to different organization" that will prove that "Plaintiff was spreading the word of this violation and seeking assistant [sic] to help stop it." (R.Doc. 120-1, p. 1). Defendants object that this is irrelevant and has "no bearing on whether the amount of smoke was excessive or if any of the remaining defendants in this case were deliberately indifferent." (R.Doc. 187-1, p. 1-2). Plaintiff responds that this shows the continual violation of the no smoking policy and is relevant because it is consistent with the original complaint. It will cause no prejudice or jury confusion, Plaintiff claims. The Court agrees with the Defendants, whose objection is sustained, and will exclude Exhibit 3.

**Exhibit 4 - (D) -** Exhibit 4 is Act 815, entitled the Louisiana Smoke Free Air Act. (R.Doc. 120-1, p. ). Plaintiff claims that this will prove "That a law was passed banning smoking in any state, local, or private correctional facility." (R.Doc. 120-1, p.1). Defendants object that the statute is irrelevant to the deliberate indifference claim and will waste time and confuse the jury. (R.Doc.

187-1, p. 2). The suit is brought under 42 U.S.C. § 1983, not the Louisiana Smoke-Free Air Act. Further, Defendants argue that state law violations are not actionable under § 1983. Plaintiff claims the relevance comes from section (14), which states: "After August 15, 2009 smoking shall be prohibited in any state, local or private correctional facility." (R.Doc. 193, p. 1).

Defendants' objection is overruled. The evidence may be admitted for the limited purpose of considering the knowledge of the Defendants. A limited instruction will be given if requested. Further, the Court shall take judicial notice of the statute at issue, if requested.

**Exhibits 8 & 9 - H & I** - Plaintiff seeks to submit to introduce two letters he received from the Louisiana Justice Department concerning the smoking policy. The letters are dated September 9, 2009, and October 26, 2009. Plaintiff claims the first letter will prove "The Dept. Of Justice is one of the organizations Plaintiff mailed his complaint letter too, in a means of some assistants. The letter was answered by Asst. Attorney General Patricia H. Wilson, who preciously was the defendants attorney. Ms Wilson as well as the (AG) office knew of this violation and done nothing." (R.Doc. 120-1, p. 2). Plaintiff claims the second letter will prove: "Again this letter was answered by Asst. Attorney General Patricia H. Wilson, informing Plaintiff the Dept. Of Justice couldn't help in this matter." (Id.). Defendant claims these letters are irrelevant because Assistant AG Sherlyn Shumpert, who sent the letters, is no longer assigned to the case and is not a named defendant." (R.Doc. 187-1, p. 2). Plaintiff responds that "Ms. Wilson represented the defendants' when she was aware of the on going violation of the no smoking policy." (R.Doc. 193, p. 1-2).

The Court has reviewed the two letters. The first merely says that the Louisiana Department of Justice has no authority to assist Plaintiff in this matter and that the undersigned Patricia Wilson will forward the letter to the Department of Corrections. (R.Doc. 120-1, p. 40). The second

reiterates the first. These letters are irrelevant, so Defendants' objection is sustained.

**Exhibit 13 - M -** Plaintiff seeks to submit a "Letter Plaintiff received from the American Non Smokers Right Foundation" because it seeks to prove that "The letter had Louisiana correctional facilities as being 100% smokefree." (R.Doc. 120-1, p. 3). The document (which appears to be only part of a larger document), dated October 2, 2009, does indeed state that, in Louisiana, "Correctional facilities are 100% smokefree indoors and on their entire grounds". (Id., pg. 50). Defendants object that this is irrelevant and does not prove deliberate indifference. Plaintiff responds that this confirms that LSP is supposed to be smoke free. (R.Doc. 193, p. 2).

Defendant is correct that the document fails to establish any basis for any alleged conclusions in the document. Further, the document is hearsay if offered to prove the truth of the matter asserted, and no exception appears to apply. Defendants objection as to Exhibit 13 is sustained.

**Exhibits 15, 16, 17, and 18 - O, P, Q, R -** These documents are affidavits from inmates (Robinson, Sylvester, and Ware) and the Plaintiff purporting to prove that the rules and regulations concerning smoking at LSP are not being enforced. (R.Doc. 120-1, p. 3-4). Defendants claim these are inadmissible hearsay and that each witness will be available to testify at trial. Plaintiff responds that these are parties to the litigation and thus satisfy a hearsay exception. (Fed.R.Evid. 801(d)(2)).

Rule 801(d)(2) deals with "Opposing Party's statements." These witnesses are not affiliated with the Defendants, so this hearsay exception does not apply. Defendants objection is sustained.

**Exhibit 20 - T** - Plaintiff seeks to introduce a "Wardens Unusual Occurrence Report." Plaintiff claims the report "shows that the smoking violation occurs on the walk area which is suppose to be a non-smoking area, whereas a fire started from someone smoking on the walk and dropped their cigarette between the crack. All this occurred while the key sergeant done nothing

to stop the smoking on the walk." (R.Doc. 120-1, p. 4). Plaintiff is correct that the document is a report of a fire supposedly started because of a cigarette. Defendant claims this is irrelevant because it does not involve any of the named defendants, nor does it involve Spruce 1. Further, it is hearsay because the author of the report is not listed as a witness. Finally, it will confuse the jury because it does not involve any of the remaining defendants. Plaintiff responds that this is relevant because it's a report of a fire started by a cigarette in a non smoking walk area of the Spruce Unit Dormitories. (R.Doc. 193, p.2). the document should be admissible under Rules 803(6) ("Records of a Regularly Conducted Activity") and 902(11) ("Certified Domestic Records of a Regularly Conducted Activity").

The document appears relevant to showing the potential deliberate indifference of at least some of the higher-level defendants. Further, the document shows notice and the state of mind of the actors involved. Finally, the document appears to satisfy Rule 803(8) ("Public Records:").[1] Accordingly, Defendants' objection is overruled.

**Exhibit 23 - W -** Plaintiff seeks to introduce "An article from Prison Living Magazine Vol. 1. Issue 2 Spring 06" because "In this article Warden Burl Cain is being interviewed about the operation of LSP. As the article comes to a close it states: The items listed in this article are just a taste of what goes on at LSP under the watch of Warden Burl Cain. According to Warden Cain he is aware of whats going on here at LSP." (R.Doc. 120-1, p. 5). Defendant claims this document is irrelevant and has no bearing on whether Plaintiff's claims are valid. Further, it will not assist the

---

[1] Rule 803(8) applies to: "A record or statement of a public office if (A) it sets out: ... (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; ... and (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."

jury in deciding the merits of Plaintiff's Environmental Tobacco Smoke (ETS) claim. Defendants will also be prejudiced by not having the chance to cross-examine the author.

The Court agrees with the Defendants. The page of the article provided by the Defendant simply and unremarkably says that "the items listed in this article [LSP's rodeo, newspaper, religious programs, and medical facilities] are just a taste of what goes at LSP under the watch of Warden Burl Cain." (R.Doc. 120-2, p. 7). This does not seem to have anything to do with the claims in this case. Accordingly, Defendants' objection is sustained.

**Exhibit 24 - X -** Plaintiff seeks to introduce a "Newspaper article from Baton Rouge Advocate dated August 5, 2009" purporting to "talk[] about the banning of indoor smoking at DOC facilities" and showing that "Secretary LeBlanc was fully aware of it." (R.Doc. 120-1, p. 5). Defendant argues this is irrelevant and unfairly prejudicial since the author is unavailable for cross examination.

The newspaper article, entitled "La. prisons ban indoor smoking," discusses the Louisiana Legislature's implementation of the Louisiana Smokefree Air Act passed in 2006. While Secretary LeBlanc was quoted in the article, he has been dismissed from this case. None of the other defendants are supposedly quoted in this article, so it appears to be inadmissible hearsay. Consequently, the Court will sustain Defendant's objection.

**Exhibit 29 - A3 -** Plaintiff seeks to introduce an "Article from the 2006 U.S. Surgeon General's Report on Health Consequences of Involuntary Exposure to Tobacco Smoke." (R.Doc. 120-1, p. 6). Plaintiff asserts that this article will show that the U.S. Surgeon General Report has stated that scientific evidence shows there is no safe level of exposure to secondhand smoke. Defendants object that this is irrelevant on the issue of whether Plaintiff was exposed to an

unreasonable amount of smoke or whether Defendants acted with deliberate indifference. Further, Defendants cannot cross examine the author, so they are unduly prejudicial. Lastly, they have low probative value. The Plaintiff counters that Surgeon General opinions are admissible under Rule 903(8).

The article is not from the 2006 U.S. Surgeon General's Report but rather appears to be a document from the Americans for Nonsmoker's Rights which purportedly repeats the report's conclusion (and quotes the report) by saying that the report "concluded that there is 'no risk-free level of exposure to secondhand smoke.'" (R.Doc. 120-2, p. 33). The document also says that the report states, "secondhand smoke contains many chemicals that can quickly irrate and damage the lining of the airways. Even brief exposure can result in upper airway changes in healthy persons and can lead to more frequent and more asthma attacks in children who already have asthma." The document goes on to say that second hand smoke kills 53,000 nonsmokers in the U.S. each year.

The Court finds that, while these statements are relevant to the issue of damages, they are hearsay within hearsay, and no exception appears to apply. Further, they are not properly authenticated. Thus, the Court sustains Defendants' objection.

**Exhibit 30 - A4 -** Plaintiff seeks to introduce a "Copy of a page from the Merck's Manual 16th Edition [which] defines Acute Bronchitis" on the grounds that it states "that tobacco or other smoke causes, acute irritative bronchitis." (R.Doc. 120-1, p. 6). Defendants object that this is irrelevant and unfairly prejudicial because they cannot cross examine the author and because the jury may give undue weight to this document because of the author.

The statement contained in this document - that "Acute irritative bronchitis may be caused by ... tobacco or other smoke" - is arguably relevant to the issue of damages. However, the Plaintiff

will need to offer some evidence establishing that he in fact suffers from or may suffer from acute irritative bronchitis to connect up this evidence; otherwise the evidence is irrelevant. Further, depending on the manner presented, it may satisfy a hearsay exception, such as Fed.R.Evid. 803.[2] Accordingly, the Court will defer ruling on the admissibility of Exhibit 30 until the Plaintiff attempts to offer it at trial.

**Exhibit 28 - A2** - Plaintiff seeks to introduce a "Civil Docket Sheet for case 3:10-cv-00271-FJP-SCR" because it "shows documented issues related to this case." Defendant objects that this docket sheet merely summarizes the filings in the record for this case and that it has no bearing on any of the issues and would be a waste of time." (R.Doc. 120-1, p. 5). The Court agrees with Defendants and sustains their objection.

**Exhibits 36 and 37** - Defendants represent that these exhibits were included in the "Benchbook" Plaintiff sent to Defendants. (R.Doc. 187-1, p. 4 n. 11). The Defendants represent that these documents do not appear in the record, and the Court has been unable to locate them. (Id.). Defendants represent that Plaintiff described Exhibit 36 as a "standard letter plaintiff wrote

---

[2]Fed.R.Evid. 803(18) provides:

> Statements in Learned Treatises, Periodicals, or Pamphlets. A statement contained in a treatise, periodical, or pamphlet if:
>
> (A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and
>
> (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.
>
> If admitted, the statement may be read into evidence but not received as an exhibit.

different specialist inquiring about Acute Bronchitis associated with Sinus and Allergy problems," and Exhibit 37 was described as a "response letter from Dr. Stanley E. Peters Jr. (Board Certified Otolaryngologist)." (Id. at n. 10). Defendants object to these exhibits as not being included in the pre-trial order, so they were unable to conduct any discovery regarding them. Further, Defendants claim these items are hearsay, will waste time, and will cause confusion. Plaintiffs responds that he did not mean to violate any court order or disrespect the Court. Plaintiff says he wrote a letter of inquiry to the court dated November 12, 2014 "asking the Honorable Clerk of Court was the Final Trial Exhibits listed referring to the exhibits from the first pre-trial conference or for any new exhibits?" and that "Plaintiff never received a response."

Because the Court does not have these documents available for review, the Court will defer ruling on them until trial, at which time the Court can more readily hear argument as to their relevance and admissibility and as to why they were not included with the pretrial order.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Court finds that the Defendants' Motion in Limine is **GRANTED IN PART**, and Plaintiff's Exhibit Nos. 3, 8, 9, 13, 15, 16, 18, 23, 24, 28, and 29 are hereby excluded from evidence;

**IT IS FURTHER ORDERED** that the Court will **DEFER** ruling on the admissibility of Plaintiff's Exhibit Nos. 30, 36, and 37 until Plaintiff attempts to offer these documents at trial;

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine is **DENIED** as to Plaintiff's Exhibit No. 4, which shall be admissible for the limited purpose of showing the Defendants' knowledge, and the Court shall, if requested, give a limiting instruction as to this

exhibit and take judicial notice thereof; and

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine is **DENIED** as to Plaintiff's Exhibit No. 20.

Signed in Baton Rouge, Louisiana, on <u>January 26, 2015</u>.

<u>                                    </u>
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**